UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KILLINGSWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RICHMOND, et al.<br><br>Defendants. | Case No. 25-cv-08223-AMO  (RMI)<br><br>[~~PROPOSED~~] **ORDER RE JOINT DISCOVERY LETTER (DKT. 29)** |

The Court held a discovery hearing on May 6, 2026, regarding the parties' Joint Discovery Letter, Dkt. 29. The disputes addressed in the letter concerned: (1) Defendants' subpoena to the Contra Costa County Superior Court; (2) Plaintiff's RFP Nos. 2 and 3 concerning drone-related materials; and (3) Plaintiff's RFP No. 19 concerning prior Taser deployments by Officer Roberto Lopez. See Joint Discovery Letter, Dkt. 29.

Having considered the parties' written submission and the arguments presented at the hearing, the Court orders as follows:

**Issue #1: Defendants' Subpoena to Contra Costa County Superior Court**

The Court finds good cause to permit Defendants' subpoena to the Contra Costa County Superior Court to stand. Defendants may obtain and access the materials produced in response to the subpoena, subject to the restrictions below.

Defendants shall provide Plaintiff with a complete copy of all materials received from the Contra Costa County Superior Court immediately following receipt of the responsive records. For 14 days after Plaintiff receives the complete production, all such materials shall be treated as ATTORNEYS' EYES ONLY, meaning they may be reviewed only by counsel of record and counsel's staff, the Court and its personnel, and necessary litigation vendors bound by the operative protective order. During that period, Plaintiff may review the materials and designate any materials as confidential under the operative protective order or identify any materials for which Plaintiff seeks continued AEO treatment or other protection.

1

Any materials so identified shall remain subject to the asserted restriction pending agreement of the parties or further order of the Court. Any challenges of confidentiality designations – including any designation of materials as AEO – shall follow the process set forth in the Stipulated Protective Order (Dkt. 19). Materials not designated or identified within the fourteen-day period shall no longer be subject to the temporary AEO restriction, but their use and disclosure shall remain governed by the operative protective order to the extent applicable.

Nothing in this Order limits any party's right to object to the use, disclosure, filing, admissibility, or discoverability of any specific material produced by the Contra Costa County Superior Court. To the extent the Court's prior interim sequestration order restricted access to or use of the subpoenaed materials, that order is modified consistent with this Order.

**Issue #2: Plaintiff's RFP Nos. 2 & 3 (Drone-Related Materials)**

The parties shall meet and confer regarding potential stipulated language addressing the scope of drone-related records responsive to Plaintiff's RFP Nos. 2 and 3. The parties shall promptly attempt to agree on language sufficient to clarify the status of responsive drone-related records and any remaining production issues.

**Issue #3: Plaintiff's RFP No. 19 (Prior Taser Deployments by Officer Lopez)**

Defendants shall produce the complete file for RPD incident 24-12942, involving subject Dewayne Berotte and dated December 18, 2024, within 21 days of this Order, with said production being deemed confidential and covered by the Stipulated Protective Order.

Furthermore, Defendants shall produce a spreadsheet or log identifying all Taser deployments by Officer Roberto Lopez within his role as a Police Officer with the City of Richmond during the five years preceding the incident at issue in this case. The spreadsheet or log shall include, at minimum, the date of each deployment, the incident number, and a brief description of the taser usage. Defendants shall produce this spreadsheet or log within 45 days of this Order.

Finally, Defendants shall produce forthwith all sustained internal-affairs findings involving similar uses of force by Officer Roberto Lopez (if any), to the extent such materials have not already been produced.

All productions required by this Order are subject to the operative protective order.

IT IS SO ORDERED.

Dated: May 11, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

2