UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KILLINGSWORTH,<br>Plaintiff,<br>v.<br>RICHMOND, CITY OF, et al.,<br>Defendants. | Case No. 25-cv-08223-AMO<br><br>**ORDER DENYING ADMINISTRATIVE MOTION; ORDER STAYING CASE; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 44 |

Before the Court is Plaintiff's self-styled "administrative motion for expedited case management conference regarding case schedule and discovery." The Court DENIES Plaintiff's administrative motion for the reasons below.

The administrative motion follows Plaintiff's counsel's learning on July 2, 2026 that Plaintiff Frank Killingsworth was deemed incompetent to proceed in a criminal matter by the California Superior Court for Fresno County. *See* Linowitz Decl. ¶ 3. After Plaintiff's counsel disclosed that incompetency determination to the District's ADR unit, the ADR unit vacated the early neutral evaluation session scheduled for July 13, 2026, Linowitz Decl. ¶ 6 & Dkt. No. 42, and Defendants's counsel provided notice that Plaintiff's previously-noticed depositions would not proceed as scheduled, Linowitz Decl. ¶ 8. Counsel for both sides then met with Magistrate Judge Robert M. Illman, who granted Defendants' request for a protective order regarding at least the deposition set for July 15, 2026. Linowitz Decl. ¶ 10.

In light of the Superior Court's determination that Killingsworth is incompetent to proceed in a criminal matter, serious questions about Killingsworth's competency to prosecute this case arise, and this Court finds good cause to stay the case. Continued prosecution of this case by counsel potentially absent Killingsworth's competent input and support implicates Federal Rules

United States District Court
Northern District of California

United States District Court
Northern District of California

of Civil Procedure 17 and 26, as well as the California State Bar Rules of Professional Conduct. The Court therefore ORDERS the case STAYED. All previously-noticed depositions are VACATED, to be re-noticed after the stay is lifted.

In light of the foregoing, the Court ORDERS Plaintiff to SHOW CAUSE why Killingsworth's purported incapacity does not require a continued stay of the case. Good cause for lifting the stay may come in the form of a motion to appoint a certain guardian or real party in interest pursuant to Rule 17, or it may come in the form of legal authority demonstrating that incapacity of the sort contemplated by the Superior Court does not influence a litigant's ability to prosecute a civil lawsuit – the Court does not now specify the precise method for Plaintiff to show cause for the stay to be lifted, but Plaintiff must present a legally cognizable path forward for this case from ADR and discovery through resolution.

Plaintiff's show cause response shall be submitted by no later than noon on July 31, 2026. Defendants shall file either an opposition or a statement of non-opposition to Plaintiff's submission by noon on August 7, 2026. The Court will set a hearing only if it deems one necessary. The Court will consider lifting the stay upon resolution of the order to show cause, and case deadlines will be extended by a term relative to the length of the stay.

**IT IS SO ORDERED.**

Dated: July 16, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**