ZACHARY LINOWITZ, ESQ. (State Bar No. 287368)
LINOWITZ LAW
1300 Clay Street, Suite 600
Oakland, CA 94612
Phone: 510-519-1401
zachary@linowitzlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KILLINGSWORTH, | 4:25-cv-08223-AMO |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE** |
| vs. | |
| CITY OF RICHMOND, a public entity; RICHMOND POLICE OFFICERS MIGUEL CASTILLO, ROBERTO LOPEZ, JESUS GOMEZ, and DOES 1–5, Jointly and Severally, | Re: Dkt. No. 47 |
| Defendants. | |

### I.    INTRODUCTION

Plaintiff's July 30 response asked the Court to lift the case-wide stay and proceed under tailored safeguards. Dkt. No. 48. The posture materially changed on August 6, when the Fresno County Superior Court committed Plaintiff to the Department of State Hospitals for competency restoration under Penal Code section 1370. Suppl. Linowitz Decl. ¶ 3. Plaintiff therefore modifies his requested relief. He no longer seeks depositions or ongoing merits litigation and agrees the stay should continue as to new discovery, ADR, dispositive proceedings, and other activities requiring his participation while restoration proceeds.

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO         1
ORDER TO SHOW CAUSE
*Killingsworth v. City of Richmond, et al.*

LINOWITZ LAW
1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612
PHONE: (510) 519-1401
EMAIL: ZACHARY@LINOWITZLAW.COM

LINOWITZ LAW
1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612
PHONE: (510) 519-1401
EMAIL: ZACHARY@LINOWITZLAW.COM

Plaintiff requests two qualifications. First, the stay should remain reviewable through status reports keyed to section 1370's monitoring milestones and should not carry a preset dismissal date. Second, Defendants should be directed to complete the written responses and productions already due before the stay and which require nothing from Plaintiff, including training materials responsive to Request for Production Nos. 4, 10, 16, and 18; dispatch and CAD records related to Officer Lopez's prior Taser deployments; and signed verifications to Defendants' previously served interrogatory responses. Plaintiff seeks no new discovery or depositions during the stay. This structure addresses Defendants' concerns about authority and reciprocal discovery, while preserving Plaintiff's claims and restoring the discovery posture that should have existed when the stay was entered.

## II.    A PROTECTIVE STAY DEFERS DECISIONS REQUIRING PLAINTIFF'S PARTICIPATION.

Defendants' central objection is that no one is presently authorized to make the litigation decisions reserved to Plaintiff. Dkt. No. 49 at 3–5. A protective stay answers that objection directly by pausing those decisions. During the stay, Plaintiff will not be deposed, no settlement or compromise will be made, no dispositive position will be taken, ADR will remain off calendar, and no new discovery will proceed. The protective stay therefore removes any present need to determine who could make the future decisions identified by Defendants.

Plaintiff continues to assume, without conceding, that Rule 17(c) is engaged. The recent state hospital commitment supplies a practical reason to defer proceedings requiring Plaintiff's participation, but it does not require the Court to determine the legal scope of his civil incapacity on the present record. If a discrete decision later becomes unavoidable—for example, a settlement offer, or Plaintiff's deposition—the Court may then reassess, on a developed record, whether additional protection, including a limited-purpose representative, is needed. *Davis v. Walker*, 745 F.3d 1303, 1310–11 (9th Cir. 2014).

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO    2
ORDER TO SHOW CAUSE
*Killingsworth v. City of Richmond, et al.*

LINOWITZ LAW
1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612
PHONE: (510) 519-1401
EMAIL: ZACHARY@LINOWITZLAW.COM

Defendants' "litigate first, seek a representative later" objection (Dkt. No. 49 at 4–5) does not describe this proposal. Plaintiff proposes to pause litigation, with one exception for accrued written obligations requiring no response, decision, or participation from him. Defendants would merely complete productions and verifications that matured *before* the stay. That restores the July 16 discovery posture rather than beginning a new litigation phase.

Accordingly, Plaintiff respectfully requests that the Court either direct Defendants to complete these outstanding discovery obligations within fourteen days or refer the matter to Magistrate Judge Illman for prompt resolution under the Court's existing referral of all discovery disputes, with instructions that the obligations may be enforced notwithstanding the stay.

### III.    THE COURT SHOULD NOT IMPOSE A PRESET DISMISSAL DEADLINE.

#### A.    *Davis* supports reviewable protection, not a preset dismissal.

Defendants read *Davis* as approving their proposal because it contemplated periodic case-management review. Dkt. No. 49 at 6–7. *Davis* involved a pro se § 1983 plaintiff whose actions were stayed indefinitely until he regained competency after no guardian could be found. The Ninth Circuit held that the arrangement left his interests unprotected and "functionally operated as a dismissal with prejudice." 745 F.3d at 1310–11. Rule 17(c) permits a court to craft protective orders, but it may not be used "as a vehicle for dismissing claims." *Id.* at 1310.

Here, a reviewable stay, counsel's continued representation, evidence preservation, completion of accrued discovery, and status reports keyed to section 1370's restoration milestones provide the protections missing in *Davis*. If restoration does not occur and a consequential decision later becomes unavoidable, the Court can reassess on that actual record. What is unnecessary now is to make dismissal the predetermined consequence of restoration taking longer than a selected period. *Krain v. Smallwood*, 880 F.2d 1119 (9th Cir. 1989), does not compel otherwise. *Krain* permitted dismissal without prejudice when an unrepresented pro se plaintiff refused to provide

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO     3
ORDER TO SHOW CAUSE
*Killingsworth v. City of Richmond, et al.*

competency information after being ordered to do so; Plaintiff here is represented, accepts a protective stay, and proposes continuing reports. *Id.* at 1121.

### B.    Dismissal would create an avoidable limitations risk.

Defendants call their proposed dismissal "without prejudice," Dkt. No. 49 at 9–10, but that label could prove illusory for Plaintiff's federal claims. The § 1983 claims are subject to California's two-year personal-injury limitations period, and dismissal of this timely action would not necessarily toll that period for a later action. Cal. Civ. Proc. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Wood v. Elling Corp.*, 20 Cal.3d 353, 359 (1977). Nor is incapacity tolling assured; it generally requires qualifying incapacity at accrual, while the Fresno competency finding arose later and applies a distinct standard. Cal. Civ. Proc. Code §§ 352(a), 357. If limitations expire before Plaintiff can refile, dismissal could operate with prejudice in practice. A reviewable stay protects Defendants without creating that avoidable risk.

### IV.    SECTION 1370 SUPPLIES MONITORING MILESTONES, NOT A DISMISSAL CLOCK.

Defendants propose 90-day status reports and a separate deadline to obtain a representative or show Rule 17 protection is unnecessary, on pain of dismissal. Dkt. No. 49 at 9–10. Under section 1370, 90 days is an initial monitoring checkpoint, not a restoration deadline. For a defendant confined in a treatment facility, a progress report is required within 90 days of commitment; while a defendant remains in county custody, the Department of State Hospitals may evaluate him and report within that same period. Further reports follow at six-month intervals while a defendant remains incompetent in a treatment facility. Cal. Penal Code § 1370(b)(1). Plaintiff remains in county custody awaiting transport and has not begun restoration. Suppl. Linowitz Decl. ¶ 4.

Plaintiff therefore proposes an initial status report no later than 90 days after the August 6 commitment, subsequent reports at six-month intervals while restoration remains ongoing, and a report upon any earlier material change in his competency or placement. The initial report will tell

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO    4
ORDER TO SHOW CAUSE
*Killingsworth v. City of Richmond, et al.*

LINOWITZ LAW
1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612
PHONE: (510) 519-1401
EMAIL: ZACHARY@LINOWITZLAW.COM

the Court whether Plaintiff has been transported and, if treatment has begun, whether restoration is progressing, unlikely, or complete. The Court can then review the stay on the actual record—without deciding now that delay of unknown cause or duration should terminate the action.

## V.   REQUESTED RELIEF AND CONCLUSION

Plaintiff respectfully requests that the Court: (1) continue the stay as to all new discovery and other proceedings requiring Plaintiff's participation; (2) notwithstanding the stay, either direct Defendants, within fourteen days, to produce the training materials responsive to Request for Production Nos. 4, 10, 16, and 18; dispatch and CAD records related to Officer Lopez's prior Taser deployments; and signed verifications to Defendants' previously served interrogatory responses, or refer these outstanding obligations to Magistrate Judge Illman for prompt resolution under the Court's existing referral of all discovery disputes, with instructions that they may be enforced notwithstanding the stay; (3) require status reports concerning Plaintiff's transport and restoration, with the first report due within 90 days of the August 6, 2026 commitment and subsequent reports due at six-month intervals consistent with Penal Code section 1370(b)(1), as well as upon any earlier material change in Plaintiff's competency or placement; (4) permit either party to seek modification of the stay upon a material change in circumstances and impose no preset dismissal deadline; and (5) require all parties to preserve potentially relevant evidence during the stay.

The recent state hospital commitment warrants a protective pause while restoration proceeds, but it does not warrant converting that process into a deadline for the loss of Plaintiff's claims.

Dated: August 12, 2026                    Respectfully submitted,

_____
ZACHARY LINOWITZ
Attorney for Plaintiff

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO          5
ORDER TO SHOW CAUSE
*Killingsworth v. City of Richmond, et al.*

LINOWITZ LAW
1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612
PHONE: (510) 519-1401
EMAIL: ZACHARY@LINOWITZLAW.COM