Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF RICHMOND, OFFICER MIGUEL CASTILLO,
OFFICER ROBERTO LOPEZ, and OFFICER JESUS GOMEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KILLINGSWORTH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, a public entity; RICHMOND POLICE OFFICERS MIGUEL CASTILLO, ROBERTO LOPEZ, JESUS GOMEZ, and DOES 1–5, Jointly and Severally,<br><br>Defendants. | Case No. 25-cv-08223-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |

ORBACH HUFF & HENDERSON LLP

Defendants CITY OF RICHMOND, OFFICER MIGUEL CASTILLO, OFFICER ROBERTO LOPEZ, and OFFICER JESUS GOMEZ ("Defendants") submit this Opposition to Plaintiff FRANK KILLINGSWORTH's ("Plaintiff") Supplemental Response to Order to Show Cause (Dkt. 52).

## I. INTRODUCTION

Plaintiff's Supplemental Response concedes that the stay should continue while he remains incompetent and undergoes competency restoration treatment. Dkt. 52 at 1. The August 6, 2026, commitment order does not diminish the concerns identified by the Court; to the contrary, it confirms them. Plaintiff has been committed to the Department of State Hospitals under Penal Code section 1370, remains in county custody awaiting transport, has not begun restoration treatment, and still has no guardian, conservator, guardian ad litem, or other fiduciary authorized to act for him. Suppl. Linowitz Decl., ¶¶ 3-5. Therefore, there is no basis to resume any portion of this action.

Despite his admission of lacking competency, Plaintiff nevertheless argues that the relevant statutes—specifically, Rule 17, which confirms the requirement that litigation may only be prosecuted by a competent person (whether it be a competent party or, in the alternative, an incompetent party that is represented by a guardian or other representative)—should only partially be enforced. Plaintiff asks the Court to continue the stay for him, while requiring Defendants to complete selected discovery. Rule 17 does not allow such one-sided litigation. Furthermore, Plaintiff's requests are based upon misleading and incomplete representations related to various discovery disputes, much of which have previously been presented to Magistrate Illman. Characterizing the requested discovery as "accrued" does not remove it from the stay, eliminate the parties' discovery disputes, or make it fair to compel Defendants to proceed while Plaintiff remains unavailable for deposition and unable to provide reciprocal discovery. Rather than encouraging one-sided, biased litigation, the Court should continue the stay as to all proceedings, vacate the existing case deadlines (including the trial date), and require status reports every 90 days until Plaintiff either regains competency or a representative/guardian is appointed. Defendants do not ask the Court to impose an automatic dismissal date now. The Court may assess whether a representative, competent evidence, or some other protection is required as the restoration process develops. Only if Plaintiff is unable to show progress and/or identify a suitable representative/guardian within a reasonable period of time would the Court evaluate whether dismissal without prejudice is appropriate.



ORBACH HUFF & HENDERSON LLP

ORBACH HUFF & HENDERSON LLP

## II. PLAINTIFF'S COMMITMENT CONFIRMS THE CASE SHOULD REMAIN STAYED

Plaintiff's new evidence confirms the basis for the stay. The Fresno Superior Court has committed Plaintiff for competency restoration treatment, and Plaintiff concedes that he cannot presently participate in depositions, ADR, dispositive proceedings, or other merits litigation. Yet Rule 17(c) protects an incompetent litigant throughout the action, not merely when a deposition, settlement, or dispositive motion becomes imminent. The rule identifies a general guardian, committee, conservator, or like fiduciary as the persons who may litigate for an incompetent person and requires the Court to issue an appropriate protective order when no representative exists. Fed. R. Civ. P. 17(c). Plaintiff has identified no such person.

Rule 17 also protects Defendants and the integrity of the judicial process. By requiring a competent party or authorized representative, the rule ensures that Defendants are not forced to expend substantial resources responding to discovery in an action that is not being validly prosecuted by a person capable of directing the litigation or by a fiduciary legally authorized to act in his place. A stay avoids consequential litigation decisions while Plaintiff's capacity and representative authority remain unresolved, protects both sides from incomplete or duplicative proceedings, and permits the Court to reassess the matter after treatment begins. Plaintiff's proposal to wait until a "discrete decision" becomes unavoidable merely postpones the same Rule 17 problem. The Court should reject Plaintiff's proposal and instead stay the entirety of the proceedings.

## III. THE STAY SHOULD NOT BE LIFTED FOR DISCOVERY AGAINST DEFENDANTS

Plaintiff's requested exception—allowing him to prosecute discovery against Defendants while he is shielded from any further proceedings—is inconsistent with both the Court's prior stay order and the purpose of the stay. The Court stayed the "case" and vacated all previously noticed depositions. Plaintiff identifies no prejudice from maintaining the complete stay. Defendants remain subject to their existing preservation obligations. By contrast, compelling unilateral discovery would impose immediate burdens, invite piecemeal disputes, and force Defendants to develop their case while their central discovery—the testimony of Plaintiff, who is the percipient witness and claims substantial personal and economic injuries—remains unavailable. In fact, Plaintiff requests authorization to prosecute discovery on a case that potentially may never be reactivated. Rule 26 does not require that inequitable result. If the stay is later lifted, the parties can mutually complete discovery.

///

## IV. THE COURT SHOULD ORDER PERIODIC UPDATES

The parties agree that the stay should be monitored. They disagree only as to the timing of future reports. Plaintiff proposes an initial report 90 days after commitment and then reports every six months, borrowing the reporting intervals in Penal Code section 1370(b)(1). But six months between reports is unnecessarily long where Plaintiff has not yet been transported or begun treatment and where litigation may be recommenced once Plaintiff identifies a guardian or representative.

Defendants request the Court order status reports every 90 days and upon any earlier material change. Each report should address Plaintiff's placement, the status of restoration, any updated competency determination, and whether a qualified representative has been identified.

## V. CONCLUSION

Defendants respectfully request the Court order as follows:

1) continue the stay as to all proceedings;

2) vacate all existing pretrial and trial deadlines, including the fact discovery, expert disclosure, dispositive motion, and trial dates;

3) require Plaintiff to file status reports every 90 days and upon any earlier material change in competency, placement, treatment, or representative status; and

4) deny Plaintiff's request to proceed with one-sided discovery.

Dated: August 14, 2026

Respectfully submitted,
**ORBACH HUFF & HENDERSON LLP**

By: *<u>/s/ Kevin E. Gilbert</u>*
Kevin E. Gilbert
Carolyn M. Aguilar
Attorneys for Defendants
CITY OF RICHMOND, OFFICER MIGUEL CASTILLO, OFFICER ROBERTO LOPEZ, and OFFICER JESUS GOMEZ