UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK KILLINGSWORTH,
Plaintiff,

v.

RICHMOND, CITY OF, et al.,
Defendants.

Case No. 25-cv-08223-AMO

**ORDER CONTINUING STAY**

Re: Dkt. No. 47

On July 15, 2026, Plaintiff Frank Killingsworth filed an administrative motion seeking an expedited case management conference to discuss case progress in light of the California Superior Court for Fresno County's finding Killingsworth "not competent." *See* Dkt. No. 44 at 2. The Court denied that administrative motion, stayed the case, and ordered Plaintiff to show cause why the case should not remain stayed in light of his purported incapacity. Dkt. No. 47. Since then, both sides have filed responsive briefs, and Killingsworth has been committed to the California Department of State Hospitals for competency restoration under California Penal Code section 1370. *See* Dkt. Nos. 48, 49, 52, 53. Killingsworth, as represented by counsel, now agrees that the case should remain stayed pending competency restoration but proposes that the stay continue on two conditions: (1) that the stay remain reviewable through periodic status reports and (2) that Defendants be compelled to respond to previously-served discovery. Dkt. No. 52. Defendants agree with the former provision, and they disagree with the latter. Dkt. No. 53. The Court finds no good cause in support of compelling further discovery during the pendency of the stay. The Court therefore **ORDERS**:

(1) The case remains **STAYED**;

(2) Plaintiff's request to compel responses to earlier discovery requests is **DENIED**;

United States District Court
Northern District of California

United States District Court
Northern District of California

(3) All existing case deadlines, including fact discovery, expert discovery, dispositive motions, pretrial and trial deadlines, are **VACATED**;

(4) Plaintiff **SHALL** file status reports beginning November 4, 2026, and continuing every 90 days thereafter;

(5) Plaintiff **SHALL** file a status report upon any earlier material change in competency, placement, treatment, or representative status;

(6) Every 180 days, the parties **SHALL** certify on the docket that they have met and conferred to discuss whether a tolling agreement can be reached and whether the case should be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: August 19, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**